**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| DOMINION ENERGY COVE POINT LNG, LP, <br><br> *Plaintiff*, <br><br> v. <br><br> MATTAWOMAN ENERGY, LLC, <br><br> *Defendant*. | Civil Action No. 20-611 (LO/IDD) |

**DEFENDANT MATTAWOMAN ENERGY, LLC'S ANSWER AND COUNTERCLAIM**

Defendant Mattawoman Energy, LLC ("Mattawoman"), by counsel and pursuant to Rules 8, 12(a)(1)(A), and 13 of the Federal Rules of Civil Procedure, herein answers the complaint filed in the above-captioned civil action and asserts a counterclaim against Plaintiff Dominion Energy Cove Point LNG, LP ("Dominion"). For its answer and counterclaim, Mattawoman states as follows:

RESPONSE TO THE ALLEGATIONS IN THE COMPLAINT

Parties and Jurisdiction

1. Mattawoman is without sufficient information to admit or deny the allegations in paragraph 1 of the complaint, which has the effect of a denial, so it demands strict proof thereof.

2. Mattawoman admits that it is a limited liability company organized under Delaware law, and that it is a citizen of at least Texas. Mattawoman denies the remaining allegations contained in paragraph 2 of the complaint.

3. Mattawoman admits that the amount in controversy exceeds $75,000, and that Mattawoman is a citizen of at least Texas. Mattawoman is without sufficient information to

1

admit or deny the remaining allegations contained in paragraph 3 of the complaint, which has the effect of a denial, so it demands strict proof thereof.

4. Mattawoman admits that venue is proper in this District as well as other districts.

### Facts

5. Mattawoman admits that it entered into the May 29, 2019 Service Agreement attached as Exhibit 1 to the complaint, and that Exhibit 1 reflects some of the terms of the May 29, 2019 Service Agreement. Mattawoman denies that the May 29, 2019 Service Agreement contemplated Dominion transporting its gas to primary receipt points in Loudoun and/or Fairfax County. Mattawoman denies any other allegations in paragraph 5 that are inconsistent with the contents of the May 29, 2019 Service Agreement.

6. Mattawoman admits that Exhibit 1 reflects some of the terms of the May 29, 2019 Service Agreement, but denies any allegations in paragraph 6 that are inconsistent with the contents of the May 29, 2019 Service Agreement.

7. Mattawoman admits that it entered into the October 28, 2019 Agreement attached as Exhibit 2 to the complaint, and that Exhibit 2 reflects some of the terms of the October 28, 2019 Service Agreement. Mattawoman denies any allegations in paragraph 7 that are inconsistent with the contents of the October 28, 2019 Service Agreement.

8. Mattawoman admits that Exhibit 2 reflects some of the terms of the October 28, 2019 Service Agreement, but denies any allegations in paragraph 8 that are inconsistent with the contents of the October 28, 2019 Service Agreement.

9. Mattawoman admits that Exhibit 2 reflects some of the terms of the October 28, 2019 Service Agreement, but denies any allegations in paragraph 9 that are inconsistent with the contents of the October 28, 2019 Service Agreement.

10. Mattawoman admits that Exhibit 2 reflects some of the terms of the October 28, 2019 Service Agreement, but denies any allegations in paragraph 10 that are inconsistent with the contents of the October 28, 2019 Service Agreement.

11. Mattawoman admits that Exhibit 2 reflects some of the terms of the October 28, 2019 Service Agreement, but denies any allegations in paragraph 11 that are inconsistent with the contents of the October 28, 2019 Agreement.

12. Mattawoman admits that Exhibit 2 reflects some of the terms of the October 28, 2019 Service Agreement, but denies any allegations in paragraph 12 that are inconsistent with the contents of the October 28, 2019 Agreement.

13. Mattawoman admits that the October 28, 2019 Service Agreement obligated Dominion to provide LTS services to Mattawoman, and that, in return, Mattawoman agreed to pay Dominion for those services rendered.  Mattawoman further admits that Exhibit 2 reflects some of the terms of the October 28, 2019 Service Agreement, but denies any allegations in paragraph 13 that are inconsistent with the contents of the October 28, 2019 Agreement.

14. Mattawoman admits that Exhibit 2 reflects some of the terms of the October 28, 2019 Service Agreement, but denies any allegations in paragraph 14 that are inconsistent with the contents of the October 28, 2019 Agreement.

15. Mattawoman admits that it could defer payment for any services rendered in December 2019 or January 2020 at least March 31, 2020.  Mattawoman admits that Exhibit 2 reflects some of the terms of the October 28, 2019 Service Agreement, but denies any allegations in paragraph 15 that are inconsistent with the contents of the October 28, 2019 Agreement.

16. Mattawoman admits that it placed an assurance payment of $747,600 in escrow pursuant to a March 29, 2019 Precedent Agreement.  Mattawoman further admits that

Dominion's FERC Gas Tariff General Terms and Conditions is located as of the date of this filing at https://dekaflow.domonionenergy.com/jsp/info_post.jsp?&company=cpt#. Mattawoman denies the remaining allegations in paragraph 16.

17. Mattawoman admits that Exhibit 2 reflects some of the terms of the October 28, 2019 Service Agreement, but denies any allegations in paragraph 17 that are inconsistent with the contents of the October 28, 2019 Agreement.

18. Mattawoman admits that Exhibit 2 reflects some of the terms of the October 28, 2019 Service Agreement, but denies any allegations in paragraph 18 that are inconsistent with the contents of the October 28, 2019 Agreement.

## Mattawoman's Breach of the Service Agreement

19. Mattawoman admits that Dominion delivered invoices to Mattawoman for December 2019, January 2020, February 2020, March 2020, April 2020, and May 2020. Mattawoman denies the remaining allegations in paragraph 19.

20. Mattawoman admits that it did not make payments to Dominion on those invoices. Mattawoman denies any remaining allegations in paragraph 20.

21. Mattawoman admits that representatives of Mattawoman and Dominion held a call to discuss payment. Mattawoman also admits to the existence of Section 18(d) of Dominion's FERC Tariff and email alleged in paragraph 21, but denies any allegations that are inconsistent with the contents of the FERC Tariff and email.

22. Mattawoman admits that representatives of Mattawoman and Dominion held another call to discuss payments. Mattawoman also admits to the existence of the email alleged in paragraph 22, but denies any allegations that are inconsistent with the contents of that email.

23. Mattawoman admits the allegations contained in paragraph 23 of the complaint.

24. Mattawoman admits that Exhibit 3 reflects the contents of the alleged email, but Mattawoman denies any remaining allegations in paragraph 24 that are inconsistent with the contents of the October 28, 2019 Agreement.

25. Mattawoman admits that Exhibit 3 reflects the contents of the alleged email, but denies any remaining allegations in paragraph 25 that are inconsistent with the contents of the October 28, 2019 Service Agreement or Exhibit 3.

26. Mattawoman admits that Exhibit 3 reflects the contents of the alleged email, but denies any remaining allegations in paragraph 26 that are inconsistent with the contents of the October 28, 2019 Agreement or Exhibit 3.

27. Mattawoman admits that, on or about April 13, 2019, Dominion swept from escrow the $748,514.55 assurance payment made by Mattawoman pursuant to the March 29, 2019 Precedent Agreement. Mattawoman denies the remaining allegations contained in paragraph 27 of the complaint.

28. Mattawoman admits that Exhibit 3 reflects the contents of the alleged letter, but denies any remaining allegations in paragraph 28 that are inconsistent with the contents of the October 28, 2019 Agreement or Exhibit 4.

29. Mattawoman admits that it has not made any payments to Dominion in response to Dominion's January, February, March, April, or May 2020 invoices, and further admits that it has not placed any more funds in escrow. Mattawoman denies any remaining allegations in paragraph 29.

30. Mattawoman denies any allegations in paragraphs 1 through 29 that are not expressly admitted.

Count I
(Breach of the Service Agreement)

31. Mattawoman incorporates its responses to the allegations in paragraphs 1 through 30 of the complaint.

32. Mattawoman admits that the October 29, 2019 Service Agreement contains some, but not all, of the legal obligations between Dominion and Mattawoman.

33. Mattawoman denies the allegations contained in paragraph 33 of the complaint.

34. Mattawoman denies the allegations contained in paragraph 34 of the complaint.

35. Mattawoman admits that it provided written notices that Mattawoman has not paid any invoiced amounts, but denies the remaining allegations contained in paragraph 35 of the complaint.

36. Mattawoman denies that Dominion is entitled to any prejudgment interest or any attorneys' fees.

AVOIDANCE AND AFFIRMATIVE DEFENSES

Mattawoman, pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, affirmatively pleads the following avoidance and affirmative defenses:[1]

A. <u>Prevention Doctrine</u>.  Mattawoman is excused from its payment obligations under the October 29, 2019 Service Agreement because Dominion prevented, obstructed, and affirmatively hindered Mattawoman from entering into an agreement with Vega Energy to supply natural gas to Mattawoman on the 15 days a year that Dominion refused to supply Mattawoman's power plant with natural gas. Dominion's unreasonable obstruction prevents Mattawoman from ensuring a

---

[1] Mattawoman reserves its right to amend its pleadings to add additional avoidance and affirmative defenses if discovery reveals evidence of any such defenses.

        natural gas supply for 365 days per year. This obstruction precluded Mattawoman from obtaining the financing to construct the power plant, thereby frustrating the entire purpose and benefit of the October 29, 2019 Service Agreement. Mattawoman also never provided any transportation services under the October 29, 2019 Service Agreement.

B. <u>Act of God</u>. Mattawoman is excused from its payment obligations under the October 29, 2019 Service Agreement because the global coronavirus pandemic has, without fault of Mattawoman, obstructed access to capital markets. This obstruction, in turn, has precluded the financing and process to construct the power plant, thereby frustrating the entire purpose and benefit of the October 29, 2019 Service Agreement.

C. <u>Act of Law</u>. Mattawoman is excused from its payment obligations under the October 29, 2019 Service Agreement because Governor Northam's (and other governors') executive orders in response to the coronavirus outbreak have, without fault of Mattawoman, obstructed access to capital markets. This obstruction, in turn, has precluded the financing and process to construct the power plant, thereby frustrating the entire purpose and benefit of the October 29, 2019 Service Agreement.

D. <u>Mutual Mistake of Fact</u>. The October 29, 2019 Service Agreement is voidable because both parties believed a mistaken material fact when they executed the contract. Specifically, both parties believed that market demand for the electricity to be produced by the power plant was significantly higher than it actually was and is.

## COUNTERCLAIM

Mattawoman, pursuant to Rule 13 of the Federal Rules of Civil Procedure, asserts the following counterclaim against Dominion:[2]

1. Since 2015, Mattawoman has sought to construct a power plant that would provide electricity to end users in Maryland.

2. Both Dominion and Mattawoman contemplated that Mattawoman's power plant would generate electricity from the receipt and consumption of natural gas from Dominion.

3. On or about March 25, 2019, Dominion and Mattawoman entered into a Precedent Agreement for Limited Firm Transportation Services Pursuant to Rate Schedule LTS ("March 2019 Precedent Agreement").

4. Under the March 2019 Precedent Agreement, Mattawoman agreed to provide Dominion with an $747,600 "adequate assurance of payment" to assure Dominion that Mattawoman could meet its financial obligations to Dominion under the March 2019 Precedent Agreement.

5. Under the March 2019 Precedent Agreement, the "adequate assurance of payment shall remain in full force and effect until the earlier of (i) the end of the term of this Precedent Agreement and Service Agreement contemplated herein, or (ii) the date at which [Mattawoman] is determined to meet the creditworthiness requirements as determined in [Dominion's Federal Energy Regulatory Commission ("FERC")] Gas Tariff.

6. The March 2019 Precedent Agreement expressly contemplated Dominion obtaining authorization from FERC to implement a natural gas service agreement with

---

[2] Mattawoman reserves its right to amend its pleadings to add additional counterclaims if discovery reveals evidence of any such claims.

8

Mattawoman that did not conform with Dominion's set gas tariff.

7. Dominion and Mattawoman entered into an amendment to the March 29, 2019 Precedent Agreement ("Second Amended Precedent Agreement") to include the following termination clause:

> Unless mutually agreed otherwise, this Precedent Agreement shall terminate on the date [Dominion] receives FERC authorization to implement Rate Schedule LTS as part of its FERC Gas Tariff substantially in the form set forth in Attachment A of the LTS Precedent Agreement.

8. The Second Amended Precedent Agreement also provided:

> Within ten (10) days of the termination of this Precedent Agreement, [Dominion] shall return any adequate assurance of performance provided by [Mattawoman] to [Dominion] pursuant to Section V of this Precedent Agreement. To the extent [Dominion] fails to return such adequate assurance, [Mattawoman] shall have the right to enforce that provision.

9. On or about May 29, 2019, Dominion and Mattawoman entered into a non-conforming Service Agreement Under Rate Schedule: LTS ("May 2019 Service Agreement"). *See* Compl. Exh. A.

10. On or about June 13, 2019, Mattawoman deposited $747,600 as an assurance payment in a US Bank account pursuant to the March 2019 Precedent Agreement.

11. Dominion submitted the May 2019 Service Agreement to FERC for authorization to implement it.

12. FERC denied authorization of implementation of the May 2019 Service Agreement because it did not approve two non-conforming provisions in it.

13. In its denial, FERC ruled that it would authorize a new rate agreement that struck the identified non-conforming provisions of the May 29, 2019 Service Agreement.

14. On or about October 28, 2019, Dominion and Mattawoman entered into a non-conforming Service Agreement Under Rate Schedule: LTS ("October 2019 Service

9

Agreement"). *See* Compl. Exh. B. The October 2019 Service Agreement strikes and omits the two non-conforming provisions. *See id.*

15. FERC authorized the implementation of the October 2019 Service Agreement on December 13, 2019.

16. Paragraph X.A. of the Second Amended Precedent Agreement required Dominion to return the full $747,600 assurance payment to Mattawoman by December 23, 2019.

17. Mattawoman has never ordered any natural gas service under the October 2019 Service Agreement.

18. Dominion has never transported any natural gas to Mattawoman under the October 2019 Service Agreement.

19. Dominion has not returned any of Mattawoman's $747,600 assurance payment.

20. Instead, Dominion insists that it is entitled to all of the $747,600 assurance payment.

21. Moreover, Dominion has exercised control over that amount by collecting it for itself and with no intent to return any of it.

22. There are no contractual provisions that authorize the recovery of attorneys' fees for a party for a breach of the Precedent Agreement or a breach of the October 2019 Service Agreement.

Count I
(Breach of the Precedent Agreement)
(Alternative to Count II)

23. Mattawoman incorporates its responses to the allegations in paragraphs 1 through 22 of this counterclaim.

24. The March 2019 Precedent Agreement, as amended, is a valid and enforceable

contract between Dominion and Mattawoman.

25. FERC never authorized implementation of the May 2019 Service Agreement.

26. FERC did authorize implementation of the October 2019 Service Agreement.

27. The March 2019 Precedent Agreement terminated on December 13, 2019.

28. Dominion breached the March 2019 Precedent Agreement, as amended, by failing to Mattawoman the full $747,600 assurance payment by December 23, 2019.

29. Mattawoman has performed all conditions precedent to the return of its assurance payment, and has performed all material obligations under the Precedent Agreement.

30. As a direct and proximate result of Dominion's breach of the March 2019 Precedent Agreement, Mattawoman has suffered damages in the amount of $747,600.

31. Mattawoman is also entitled to pre-judgment interest on this amount.

Count II
(Conversion)
(Alternative to Count I)

32. Mattawoman incorporates its responses to the allegations in paragraphs 1 through 22 of the complaint.

33. Mattawoman properly owned the $747,600 assurance payment that it deposited into the US Bank account.

34. Dominion wrongfully converted the $747,600 assurance payment when it withdrew and assumed control over it.

35. Dominion's conversion was wrongful because it had no right to receive payment under any of the invoices, therefore it had no right to withdraw any of the $747,600 assurance payment to reduce the purported balance on the invoices.

36. Dominion's conversion interferes and obstructs with Mattawoman's ownership

rights over the $747,600 assurance payment.

37.     As a direct and proximate result of Dominion's conversion, Mattawoman has been damages in the amount of $747,600.

## DEMAND FOR JURY TRIAL

Mattawoman respectfully requests trial by jury for all issues so triable in the complaint and counterclaim.

## PRAYER FOR RELIEF

Mattawoman respectfully request that this Court: (1) DISMISS the complaint with prejudice and/or ENTER FINAL JUDGMENT for Mattawoman on Count I of the complaint; (2) ENTER FINAL JUDGMENT for Mattawoman on Counts I or II of the counterclaim in the amount of $747,600 plus pre-judgment interest; and (3) AWARD Mattawoman any other relief this Court deems just and proper.

Dated: July 13, 2020                                        Respectfully Submitted,

**MATTAWOMAN ENERGY, LLC**

*By Counsel*

**VEDDER PRICE, P.C.**

___/s/_ Anand Ramana_____
Anand Ramana (VSB No. 65852)
VEDDER PRICE, P.C.
1401 I Street, N.W.
Suite 1100
Washington, D.C. 20005
Tel: (202) 312-3325
E-mail: aramana@vedderprice.com
*Attorney for the Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of July, 2020, I electronically filed the foregoing pleading through this Court's Court Management/Electronic Court Files system, which then automatically serves it upon the following person electronically:

> Ms. Kathryn Barber, Esq.
> MCGUIREWOODS LLP
> 800 East Canal Street
> Richmond, Virginia 23219-3916
> Tel: (804) 775-4718
> Fax: (804) 225-5412
> E-mail: kbarber@mcguirewoods.com
>
> Mr. Jonathan Blank, Esq.
> MCGUIREWOODS LLP
> Suite 350
> 652 Peter Jefferson Parkway
> Charlottesville, Virginia 22911
> Tel: (434) 977-2509
> Fax: (434) 980-2258
> E-mail: jblank@mcguirewoods.com

                                          /s/ *Anand Ramana*
                                  Anand Ramana (VSB No. 65852)
                                  VEDDER PRICE, P.C.
                                  1401 I Street, N.W.
                                  Suite 1100
                                  Washington, D.C. 20005
                                  Tel: (202) 312-3325
                                  E-mail: aramana@vedderprice.com
                                  *Attorney for the Defendant*